UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

vs.                          Case No: 8:12-cr-550-T-30TGW

DEMETRIUS R. BOWERS
_____/

### O R D E R

THIS CAUSE comes on for consideration Defendant's Motion to Sever Offenses (D-39), and the Government's response in opposition thereto (D-41).

On April 16, 2013, Defendant was charged by way of a Superseding Indictment with eight counts of interference with interstate commerce by robbery, in violation of 18 U.S..C. § 1951(a) and eight counts of brandishing a firearm during and in relation to and in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Trial is scheduled to commence June 17, 2013.

Defendant moves to sever the counts in the Superseding Indictment such that he have eight separate trials. Defendant argues that the charges involve eight separate dates and that each robbery and corresponding firearm offense is not "related in any way, whether through relevant conduct, temporal timing or proximity to the remaining counts." (D-39, ¶ 11.) .

Defendant contends that if all 16 counts are tried

together, he could be subject to a term of imprisonment of 182 years just as to the eight firearm offenses. Defendant further contends that the potential prejudice to Defendant is significantly enhanced by presenting numerous incidents to the jury. He argues that while the jury is obligated to weigh the evidence of each count independent of the other allegations, "asking a jury to effectively cordon one offense from the remaining counts during deliberations is effectively an impossibility."

The Government initially responds that Defendant's motion is untimely. The Government further argues that joinder is proper under Rule 8(a), Fed. R. Crim. P., and that Defendant has not shown a failure to sever would cause compelling prejudice.

The December 27, 2012 Pretrial Order in this case directed that any pretrial motions be filed by January 14, 2013. (D-14, p. 7, ¶ VI. C.) After the Government filed a Superseding Indictment, an order was entered on April 24, 2013, allowing additional motions to be filed within seven (7) days (D-33.) Attorney Kevin Beck was appointed as counsel for Defendant on May 1, 2013. (D-34.) The instant motion was filed June 5, 2013, 35 days after the extended pretrial motion deadline and 12 days prior to the scheduled trial. At no time has Defendant

filed a motion requesting additional time to file pretrial motions nor has he shown good cause for filing his motion to sever at this late date. As such, the motion is untimely.

Even if the motion were timely, the Court finds that Defendant would not be entitled to the requested relief. In order to determine whether severance is necessary, the Court must first ascertain whether initial joinder of the offenses in the same indictment was appropriate under Rule 8. United States v. Montes-Cardenas, 746 F.2d 771, 776 (11th Cir. 1984). Rule 8(a) provides as follows:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged - whether felonies or misdemeanors or both - are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed.R.Crim.P. 8(a). "Rule 8(a) is construed broadly in favor of initial joinder, allowing joinder of offenses that "'are of the same or similar character,' even if such offenses do not arise at the same time or out of the same series of acts or transactions." United States v. Hersh, 297 F.3d 1233, 1241 (11th Cir. 2002) (citations omitted).

In this case, the offenses charged meet the requirements of Rule 8(a) and, therefore, are properly joined. Specifically,

while the offenses involve different dates, the charges are of same or similar character. The counts are also arguably "parts of a common scheme or plan." Specifically, eight violations of the Hobbs Act are alleged to have been committed by Defendant over a six-week period of time using a similar manner and means in the commission.

Even where initial joinder is appropriate under Rule 8(a), the Court may order separate trials of counts if it "appears to prejudice a defendant." Fed.R.Crim.P. 14(a). In deciding a motion for severance, the Court "must balance the right of a defendant to a fair trial against the public's interest in efficient and economic administration of justice." United States v. Zielie, 734 F.2d 1447, 1464 (11th Cir. 1984). Defendant's conclusory allegations are not sufficient to show "compelling prejudice against which the court [can] provide no protection." See United States v. Brooks, 426 Fed. Appx. 878, 882-83 (11th Cir. 2011) (per curiam) (citing United States v. Walser, 3 F.d. 380 (11th Cir. 1993). Additionally, the Court intends including the Eleventh Circuit pattern instruction B-10.2 in its charge to the jury. That instruction provides as follows:

> Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the

Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

Defendant has not demonstrated why the jury would not be able to follow the Court's instructions and evaluate the evidence as to each count in the Superseding Indictment. As such, the Court finds that severance is not appropriate. <u>United States v. Bennett</u>, 368 F.3d at 1343, 1351 (11th Cir. 2004)(court reduced the potential prejudice by instructing the jury), <u>vacated on other grounds</u>, 543 U.S. 1110 (2005).

The Court therefore ORDERS as follows:

(1) Defendant's Motion to Severance Offenses (D-39) is DENIED.

**DONE AND ORDERED** at Tampa, Florida this 11th day of June, 2013.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT